MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
VATANA LAY, ESQ.
Nevada Bar No. 12993
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: melanie.morgan@akerman.com
Email: vatana.lay@akerman.com

*Attorneys for Wells Fargo Bank, N.A., as trustee for Banc of America Mortgage Securities Mortgage Pass Thru Certificates Series 2005-3*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR BANC OF AMERICA MORTGAGE SECURITIES MORTGAGE PASS THRU CERTIFICATES SERIES 2005-3,<br><br>Plaintiff,<br><br>vs.<br><br>THE SPRINGS AT CENTENNIAL RANCH HOMEOWNERS ASSOCIATION; and SFR INVESTMENTS POOL 1, LLC,<br><br>Defendants. | Case No.: 2:17-cv-01887<br><br>**COMPLAINT** |

Wells Fargo Bank, N.A., as trustee for Banc of America Mortgage Securities Mortgage Pass Thru Certificates Series 2005-3 (**Wells Fargo**) complains as follows:

## PARTIES AND JURISDICTION

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Wells Fargo is a citizen of South Dakota and on information and belief none of the defendants is a citizen of South Dakota. The amount in controversy exceeds $75,000. This Court also has jurisdiction over the counts of this action pursuant to 28 U.S.C. § 1331 because the claims asserted arise under the laws of the United States.

42219235;1

2.	Wells Fargo is a national banking association, with its principal office in South Dakota.  Pursuant to 28 U.S.C. § 1348, for purposes of diversity jurisdiction, Wells Fargo is deemed to be a citizen of the state of South Dakota.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that national banks are citizens of the states where their designated main office is located for purposes of citizenship under 28 U.S.C. § 1348).  The diversity of citizenship requirement is met.  *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014).  Defendants The Springs at Centennial Ranch Homeowners Association (**Centennial**) and SFR Investments Pool 1, LLC (**SFR**) are, on information and belief, not citizens of South Dakota.  The amount in controversy requirement is met.  Wells Fargo seeks a declaration that its deed of trust, attached to real property that exceeds $75,000 in value, which secures a loan with an upaid balance exceeding $75,000, was not extinguished by a homeowners' association non-judicial foreclosure sale that is the basis of SFR's claim to title to the real property.

3.	Centennial is a Nevada non-profit corporation with its principal place of business in Nevada.  Wells Fargo is informed and believes and therefore alleges Centennial is the purported beneficiary under an alleged homeowners' association lien recorded May 24, 2011.  Wells Fargo alleges without providing any notice, Centennial foreclosed on the lien on July 11, 2012.

4.	SFR is wholly owned by SFR Investments, LLC.  SFR Investments, LLC is a limited liability company organized under the laws of the state of Nevada.  SFR Investments, LLC is wholly owned by SFR Funding, LLC.  SFR Funding, LLC is a Delaware limited liability company.  SFR Funding, LLC is wholly owned by Xieman Limited Partnership.  Xieman Limited Partnership is a Canadian entity comprised of two partners: Xieman Investmenets, Ltd. and John Gibson.  Xieman Investments, Ltd. is a Canadian corporation and John Gibson is domiciled in South Africa.  Wells Fargo is informed and believes and therefore alleges SFR purchased the property at the HOA foreclosure sale acquiring title via a trustee's deed upon sale recorded on July 24, 2012.

5.	This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 for reasons stated above.  This Court also has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because the claims asserted arise under the laws of the United States.  Wells Fargo seeks a

declaration the application of a facially unconstitutional statute, NRS 116 *et seq.*, as interpreted by the Nevada Supreme Court, would deprive it of due process rights under the Fourteenth Amendment of the U.S. Constitution. *See Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000); *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016). Wells Fargo's right to relief, a declaration that the deed of trust was not extinguished by a homeowners' association non-judicial foreclosure, depends on resolution of a substantial question of federal law.

6. Venue is proper in this court under 28 U.S.C. § 1391. The property that is the subject of this action is located at 921 Oceanwood Avenue, North Las Vegas, Nevada 89086. Venue is proper in this court under 28 U.S.C. § 1391(1) and (2) because this action seeks to determine an interest in property located within Clark County, Nevada and because this lawsuit arises out of a foreclosure of real property located within Nevada.

**GENERAL ALLEGATIONS**

7. Under Nevada state law, homeowners' associations have the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

8. When these assessments go unpaid, the association may impose a lien and then foreclose on a lien if the assessments remain unpaid.

9. NRS 116 generally provides a non-judicial foreclosure scheme for a homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay his/her monthly assessments.

10. NRS 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]"

NRS 116.3116(2)(c).

## The Deed of Trust and Assignment

11. On or about December 29, 2004, Bridget Fennell and Michael Terrill (**borrowers**) took out a $179,536.00 loan from Bank of America, N.A. secured by a senior deed of trust recorded on January 18, 2005. A true and correct copy of the recorded senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 20050118-0001108**.

12. The senior deed of trust was assigned to Wells Fargo via a corporate assignment of deed of trust recorded December 1, 2004. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 20141201-0000700**.

## The HOA Lien and Foreclosure

13. Upon information and belief, the borrowers failed to pay Centennial all amounts due it. On May 24, 2011, Centennial, through its agent Alessi & Koenig, LLC (**Alessi**), recorded a notice of delinquent assessment. Per the notice, the amount due to Centennial was $1,275.50, which includes the delinquent assessments as well as other sums such as interest and costs, including attorneys' fees. A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 20110524-0002800**. The notice of delinquent assessment does not specify the action required to cure the default, the date by which such default must be cured, or that failure to cure the default on or before a specified date may result in acceleration of the balance of the installments. The notice further fails to inform the owners of his or her right to cure after acceleration.

14. On July 20, 2011, Centennial, through its agent Alessi, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. The notice states the amount due Centennial was $2,257.25 plus "other sums such as interest and costs, including attorneys' fees." A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 20110720-0001576**. The notice of default also does not specify the super-priority amount claimed by Centennial and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

15. On May 7, 2012, Centennial, through its agent Alessi, recorded a notice of trustee's

42219235;1                                        4

1  sale. The trustee's sale was scheduled for June 6, 2012. The notice states the amount due Centennial was $3,677.75, which includes "the total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale." A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 20120507-0002204**. The notice of sale does not identify the super-priority amount claimed by Centennial and fails to describe the amount necessary to satisfy the lien required by NRS 116.311635(3)(a).

16. The foreclosure notices incorporate the CC&Rs by reference, including the mortgage protection clause protecting the rights of beneficiaries under any first recorded deed of trust.

17. In none of the recorded documents nor in any notice did Centennial or its agent Alessi provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

18. In none of the recorded documents did Centennial or its agent Alessi identify the amount of the alleged lien that was for late fees, interest, fines/violations or collection fees/costs.

19. In none of the recorded documents nor in any notice did Centennial or its agent Alessi specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

20. In none of the recorded documents nor in any notice did Centennial or its agent Alessi specify the senior deed of trust would be extinguished by Centennial's foreclosure.

21. In none of the recorded documents nor in any notice did Centennial or its agent Alessi identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of Centennial's claimed lien.

22. In none of the recorded documents nor in any notice did Centennial or its agent Alessi give notice of a foreclosure sale scheduled for July 11, 2012.

23. The deficiencies in the notices notwithstanding, Centennial foreclosed on the property on or about July 11, 2012. A trustee's deed upon sale in favor of SFR was recorded on July 24, 2012. A true and correct copy of the foreclosure deed is recorded with the Clark County Recorder as

**Instrument No. 20120724-0001880**.

24. The foreclosure deed reflects the sale price at the July 11, 2012 foreclosure sale was $5,400.00. Centennial's sale of the property to SFR for less than 3.3% of the value of the unpaid principal balance on the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

### FIRST CAUSE OF ACTION
### (Quiet Title/Declaratory Judgment Against All Defendants)

25. Wells Fargo repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

26. Pursuant to 28 U.S.C. § 2201 and NRS 30.040 *et seq.*, this court is empowered to declare the rights of parties and other legal relations of parties regarding the property.

27. An actual controversy has arisen between Wells Fargo and defendants regarding the property. The senior deed of trust is a first secured interest on the property. As a result of the July 11, 2012 HOA foreclosure sale, SFR claims an interest in the property, and on information and belief, asserts it owns the property free and clear of the senior deed of trust.

28. Wells Fargo's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

29. Wells Fargo is entitled to a declaration that Centennial's foreclosure did not extinguish the senior deed of trust, or, alternatively, Centennial's foreclosure is void.

*NRS Chapter 116 Violates Wells Fargo's Right to Procedural Due Process*

30. Chapter 116 of the Nevada Revised Statutes' scheme of HOA super-priority non-judicial foreclosure violates Wells Fargo's procedural due process rights under the state and federal constitutions.

31. The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8 of the Nevada Constitution protect Wells Fargo from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

32. There is no way to apply Nevada's scheme of non-judicial HOA super-priority

42219235;1                                                          6

foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

33. The Nevada Constitution does not expressly set forth a state action requirement. Even if it did, and consistent with the state action requirements of the Federal Constitution, the state of Nevada has become sufficiently intertwined with HOA foreclosure such that state and federal procedural due process protections for Wells Fargo's deed of trust apply, to wit:

a) The super-priority lien did not exist at common law, but rather is imposed by statute.

b) In order to conserve governmental resources and fund the quasi-governmental HOA, Nevada's legislature made super-priority mandatory, expanded the super-priority duration from six to nine months, and declared it could not contractually subordinate its lien by provisions within a HOA's covenants, conditions, and restrictions.

c) The super-priority lien has no nexus whatsoever to a private agreement between Centennial and Wells Fargo, but, again, is imposed by legislative enactment.

d) Nevada and Clark County mandated the creation of Centennial as a quasi-governmental entity to perform governmental functions including maintaining the common open spaces and private streets within the Centennial community.

34. Since the State of Nevada is responsible for the creation of the super-priority lien and has made it mandatory, then the state of Nevada's HOA super-priority foreclosure scheme is the result of state action subject to procedural due process safeguards.

35. On its face, Nevada's scheme of non-judicial HOA super-priority foreclosure lacks any pre-deprivation notice requirements or post deprivation redemption options that are necessary components of due process:

a) NRS 116.31162 and NRS 116.311635 do not require an HOA provide Wells Fargo with written notice of the sum that constitutes the super-priority portion of the assessment lien.

    b)  Chapter 116 of NRS seeks to insulate its scheme of super-priority non-judicial foreclosure by failing to provide any post-sale right of equity or redemption.

    c)  Chapter 116 of NRS fails to provide Wells Fargo with a statutorily enforceable mechanism to compel an HOA to inform Wells Fargo of the sum of the HOA super-priority amount.

36.  As applied, the HOA non-judicial foreclosure violated state and procedural due process protections for Wells Fargo's deed of trust since Wells Fargo was not provided with any notice of the super-priority amount of Centennial's lien in order to redeem the deed of trust's priority prior to the HOA foreclosure.

37.  Wells Fargo requests this court void the HOA foreclosure sale or declare SFR's title was acquired subject to the senior deed of trust because NRS 116's scheme of HOA super-priority foreclosure violates the procedural process clauses of the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8 of the Nevada Constitution.

*Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

38.  The HOA sale is void or did not extinguish the senior deed of trust for additional reasons stated below.

39.  The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was calculated, when payment on the super-priority component was required, where payment was to be made or the consequences for failure to pay the super-priority component.  Alternatively, the foreclosure sale is void.

40.  The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to specify the action required to cure the default, the date by which such default must be cured, or that failure to cure the default on or before a specified date may result in acceleration of the balance of the installments.  The notice further fails

to inform the owners of his or her right to cure after acceleration. Alternatively, the foreclosure sale is void.

41.     The foreclosure sale did not extinguish the senior deed of trust because Centennial failed to provide any notice of the July 11, 2012 foreclosure sale. Alternatively, the foreclosure sale is void.

42.     The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper prospective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for Centennial and its agent at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place. Alternatively, the foreclosure sale is void.

43.     The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate Wells Fargo's rights to due process, as a result of Centennial's failure to provide sufficient notice of the super-priority component of Centennial's lien, the manner and method to satisfy it, and the consequences for failing to do so. Alternatively, the foreclosure sale is void.

44.     The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate Wells Fargo's rights to due process, as a result of Centennial's improper calculation of the super-priority component, and its inclusion of charges that are not part of the super-priority lien under Nevada law. Alternatively, the foreclosure sale is void.

45.     The foreclosure sale did not extinguish the senior deed of trust because Centennial's unequivocal representation in its CC&Rs that the rights of the beneficiary under the senior deed of trust would not be jeopardized by any violation of the obligations imposed by the CC&Rs caused the sales price to be commercially unreasonable.

46.     The foreclosure sale did not extinguish the senior deed of trust because SFR does not

qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust, the sale was not properly noticed, and it was commercially unreasonable. Alternatively, the foreclosure sale is void.

47. Wells Fargo is entitled to a declaration, pursuant to 28 U.S.C. § 2201, NRS 30.040 and NRS 40.010, that the HOA sale did not extinguish the senior deed of trust.

48. Wells Fargo was required to retain an attorney to prosecute this action, and is entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Injunctive Relief Against SFR)

49. Wells Fargo repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

50. Wells Fargo disputes SFR's claim it owns the property free and clear of the senior deed of trust.

51. Any sale or transfer of the property by SFR, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if the senior deed of trust still encumbers the property in first position and was not extinguished by the HOA sale.

52. Wells Fargo has a substantial likelihood of success on the merits of the complaint, and damages would not adequately compensate for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the property.

53. Wells Fargo has no adequate remedy at law due to the uniqueness of the property involved in this case and the risk of the loss of the senior security interest.

54. Wells Fargo is entitled to a preliminary injunction prohibiting SFR, or its successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

55. Wells Fargo is entitled to a preliminary injunction requiring SFR to pay all taxes, insurance and homeowners' association dues during the pendency of this action.

## PRAYER FOR RELIEF

Wells Fargo requests the court grant the following relief:

1. An order declaring SFR purchased the property subject to Wells Fargo's senior deed of trust;

2. In the alternative, an order the HOA foreclosure sale, and any resulting foreclosure deed, was void ab initio;

3. A preliminary injunction prohibiting SFR, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

4. A preliminary injunction requiring SFR to pay all taxes, insurance, and homeowners' association dues during the pendency of this action;

5. Reasonable attorneys' fees as special damages and the costs of suit; and

6. For such other and further relief the court deems proper.

DATED this 10th day of July, 2017.

**AKERMAN LLP**

/s/ *Vatana Lay*
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
VATANA LAY, ESQ.
Nevada Bar No. 12993
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Wells Fargo Bank, N.A., as trustee for Banc of America Mortgage Securities Mortgage Pass Thru Certificates Series 2005-3*