UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR BANC OF AMERICA MORTGAGE SECURITIES MORTGAGE PASS THRU CERTIFICATES SERIES 2005-3,<br><br>Plaintiff,<br><br>v.<br><br>THE SPRINGS AT CENTENNIAL RANCH HOMEOWNERS ASSOCIATION; and SFR INVESTMENTS POOL 1, LLC,<br><br>Defendants. | Case No. 2:17-cv-01887-MMD-NJK<br><br>ORDER |

This case arises out of a homeowners association's foreclosure sale and involves the notice provisions applicable to the same under Nevada Revised Statutes ("NRS") Chapter 116. (*See generally* ECF No. 58.) The Court has already issued a final order ("Order") and judgment ("Final Judgment") in this case. However, Plaintiff Wells Fargo Bank, N.A., as trustee for Banc of America Mortgage Securities Mortgage Pass Thru Certificates Series 2005-3 ("Wells Fargo"), has moved for the Court to alter or amend its Order and Final Judgment ("Motion") (ECF No. 100). Defendant SFR Investments Pool 1, LLC ("SFR") filed an opposition (ECF No. 104) and Wells Fargo replied (ECF No. 105). The Court will deny the Motion.

Rule 59(e) of the Federal Rules of Civil Procedure allows a district court to reconsider and amend a previous order as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence,

committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter.*, 229 F.3d at 890 (citing *389 Orange St. Partners*, 179 F.3d at 665).

In its Order, the Court granted summary judgment in favor of Defendants SFR and Springs at Centennial Ranch Homeowners Association ("HOA") on Wells Fargo's claims, including for quiet title. (*See* ECF No. 93 at 2.) The Court also denied Wells Fargo's motion (ECF No. 80) on the same claim. (ECF No. 93.) The Court's ruling was based on its ultimate conclusion that the HOA's Sale was valid—meaning that Wells Fargo failed to overcome the baseline presumption that the HOA's sale was properly conducted, *see Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). Yet, in the Motion Wells Fargo argues that the Court committed error in ordering that the HOA's sale "extinguished all junior interests" and Wells Fargo has "no enforceable lien, interest or property right" in the subject property. (*E.g.*, ECF No. 100 at 1, 5 (quoting ECF Nos 93, 95).) Wells Fargo contends that the Court's ruling should have said nothing beyond that the Defendants were granted summary judgment on Wells Fargo's claims because SFR did not separately also plead a quiet title claim. SFR counters that Wells Fargo waived its contention that SFR did not plead a quiet title claim and otherwise argues that the Motion is without merit because the Court's Order was properly decided. (ECF No. 104.) The Court agrees that its Order and Final Judgment was not in error.

There was no good reason for the Court to stop where Wells Fargo's Motion claims it should have, much less a clearly erroneous one. An action for quiet title, as Wells Fargo brought, invokes "the court's inherent equitable jurisdiction to settle title disputes." *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1111 (Nev. 2016). The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances

support" it. *Id.* at 1112. Here, the circumstances and facts of this case did not support setting aside the HOA's sale. Insomuch as the Court concluded that the HOA Sale was valid means that Wells Fargo's deed of trust ("DOT") was extinguished and Wells Fargo has no remaining interest in the Property.[1] The Court therefore needs no separate claim by SFR also seeking the same relief—to quiet title—before it quiets title, especially as to Wells Fargo. The Court therefore declines to disturb its Order and Final Judgment and need not reach the parties' other arguments.

It is therefore ordered that Wells Fargo's motion to alter or amend the Court's Order and Final Judgment (ECF No. 100) is denied.

DATED THIS 9th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] To be sure, there was no contention here that Wells Fargo made a proper tender to preserve its DOT.

3